Case 6:24-cv-00500-JCB   Document 2   Filed 12/24/24   Page 1 of 7 PageID #: 40

Electronically Filed
11/21/2024 2:39 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

24-3193-A

Cause No. 2024-_____

| | | |
|---|---|---|
| MATTHEW MAYNES | § | |
| | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | OF SMITH COUNTY, TEXAS |
| v. | § | |
| | § | |
| TRANE U.S., INC. | § | |
| | § | Jury Trial Requested |
| *Defendant.* | § | |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Matthew Maynes, hereinafter Plaintiff, complaining of Trane U.S. Inc., hereinafter Defendant, and would allege the following.

## DISCOVERY PLAN

1. Discovery in this cause will be conducted under TRCP 190.4 (Level 3).

## PARTIES

2. The Plaintiff is an individual and a resident of Smith County, Texas.

3. The Defendant Trane U.S. Inc. is a corporation doing business in the State of Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company, 211 E. 7TH Street, Suite 620, Austin, Texas 78701.

## JURISDICTION

4. This action arises under Chapter 21 of the Texas Labor Code, which prohibits employment discrimination and retaliation. No federal claims are asserted.

5. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission, which was simultaneously filed with the Texas Workforce Commission – Civil Rights Division. The EEOC has issued its Notice of Right to Sue, and suit has been timely filed under the Texas Labor Code.

**VENUE**

6. This action properly lies in Smith County, Texas because the unlawful employment practices occurred therein.

**FACTS**

7. According to Defendant's position statement to the EEOC in this case: "Trane is a world leader in creating and sustaining safe, comfortable, and efficient environments by providing innovative heating and air conditioning systems, services, and solutions. The Company is an equal employment opportunity employer and is committed to maintaining a discrimination and harassment-free workplace in compliance with all applicable laws. The Company has established policies that prohibit unlawful discrimination, harassment, or retaliation on the basis of any status protected by law or engagement in protected activity."

8. Plaintiff, who is Hispanic / Mexican-American, was hired by Defendant on or about October 2005. During his eighteen (18) year career, which included the last eight (8) years as a Production Supervisor, Plaintiff enjoyed a successful work history with favorable performances evaluations, pay raises and no serious discipline. In fact, Plaintiff did not receive a written disciplinary action under receiving a "Final Written Warning" on February 20, 2023 – after applying for an open Material Planner position.

9. On or about January 26, 2023, Plaintiff applied for an open Material Planner position, and was interviewed on February 8, 2023. Less than two weeks after his interview, Plaintiff received the above-referenced "Final Written Warning," which made him ineligible for consideration for promotions or transfers. The final written warning was for "Behavior / Conduct Infraction" but the write up failed to reference any specific act which constituted this alleged behavior or conduct infraction.

10. After Plaintiff was disqualified for consideration for the open Material Planner position, Defendant filled the position with Non-Hispanic white male.

11. Defendant has a progressive disciplinary policy that requires gradual discipline to include verbal counseling and written disciplinary actions prior to the issuance of a final written warning. It is unclear why Defendant chose not to implement its progressive disciplinary policy with Plaintiff prior to issuing a final written warning.

12. On or about August 3, 2023, Plaintiff was informed by focus factory manager, Kris Lisenby, that due to restructuring his position was being eliminated, effective August 17, 2023. When Plaintiff asked if the decision was based on production or performance, he was specifically told that it was not. In fact, Plaintiff did not received any written performance deficiencies after receiving the "final written warning." Plaintiff was provided no reason, either verbally or in writing, on why he was selected for layoff or why he was terminated.

13. Defendant's Tyler, Texas facility had approximately 14 production supervisors. Plaintiff was the only Hispanic, he was ranked in the top 5 in seniority, and was the only one who held a master's degree. Upon information and belief, Plaintiff was the only production supervisor terminated.

14. In Defendant's position statement to the EEOC, Defendant proffered the following explanation on why initiated a layoff, but only laid off 1 out of 14 production supervisors.

> In August 2023, in light of unique financial challenges in the market and an economic downturn, the Residential Business Unit ("BU") of the Company (which is the BU in which Mr. Maynes' was employed) had to restructure and **reduce costs considerably and made the difficult decision to eliminate positions as a cost-saving measure.** While the overall reduction was for economic reasons, the BU made decisions about which roles would be eliminated based on a number of factors, including performance and redundancy, for example. The Company had to make a reduction within the Production Supervisors (Assembly) at the Tyler facility and Mr. Maynes' role was selected due to his documented performance deficiencies. As a result, Mr. Maynes' employment with the Company ended effective August 17, 2023.
>
> Trane's May 15, 2024 Position Statement to the EEOC

15. While Defendant asserted that it was engaged in a restructuring to reduce costs, it was simultaneously posting another Production Supervisor position opening.

16. At the approximate time of Plaintiff's termination, Defendant posted another Production Supervisor opening at the same facility. Upon information and belief, the Defendant selected a white/non-Hispanic for that position.

17. At the time of his discharge, Defendant offered Plaintiff a severance of $27,888.92, but contingent on him releasing Defendant from all legal claims, including discrimination claims. Plaintiff did not sign the release of claims, and Defendant did not pay Plaintiff any severance.

18. On or about August 31, 2023, Plaintiff, through his attorney, sent a letter to Defendant alleging national origin discrimination.

19. After Plaintiff's separation, Defendant continued to post and fill open positions. On or about October 6, 2023, Plaintiff applied for another posted Material Planner position. This was a position for which Plaintiff was qualified.

20. On or about October 12, 2023, Plaintiff was notified by Defendant that he was not selected for the position. Upon information and belief, Defendant filled that position with a white / Non-Hispanic.

**COUNT ONE – NATIONAL ORIGIN DISCRIMINATION – NON -SELECTION**

21. The above allegations are re-alleged and adopted by reference.

22. Plaintiff asserts that his national origin, Hispanic/Mexican-American, was a motivating factor in his pre-termination non-selection for the Material Planner position in violation of Chapter 21 of the Texas Labor Code.

23. Plaintiff requests trial by jury.

**COUNT TWO – NATIONAL ORIGIN DISCRIMINATION - TERMINATION**

24. The above allegations are re-alleged and adopted by reference.

25. Plaintiff further alleges his national origin, Hispanic/Mexican-American, was a motivating factor in his selection for job elimination and termination, in violation of Chapter 21 of the Texas Labor Code.

26. Plaintiff requests trial by jury.

**COUNT THREE – NATIONAL ORIGIN DISCRIMINATION - NON-SELECTION**

27. The above allegations are re-alleged and adopted by reference.

28. Plaintiff further alleges his national origin, Hispanic/Mexican-American, was a motivating factor in his subsequent (post-termination) non-selection for the Material Planner position, in violation of Chapter 21 of the Texas Labor Code.

29. Plaintiff request trial by jury.

**COUNT FOUR - RETALIATION**

30. The above allegations are re-alleged and adopted by reference.

31. Plaintiff asserts Defendant's subsequent (post-termination) non-selection for the Material Planner position was in retaliation for engaging in protected activity, specifically, complaining of national origin discrimination, in violation of Chapter 21 of the Texas Labor Code.

32. Plaintiff requests trial by jury.

33. Plaintiff seeks to recover all of damages in an amount which the jury, in its role as trier of the facts in this case, determines based on its discretion is just and appropriate. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be between $200,000 to $1,000,000.

   WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

   1. Declaratory and Injunctive relief;
   2. Back pay and benefits;
   3. Reinstatement. If reinstatement is not feasible, front pay and benefits;

4. Compensatory damages;

5. Punitive damages;

6. Attorney's fees;

7. Plaintiff's costs;

8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

    Respectfully submitted,

    /s/ John A. Wenke

    _____
    JOHN A. WENKE
    Attorney for Plaintiff
    501 E. California Ave.
    El Paso, Texas 79902
    (915) 351-8877
    Fax:  (915) 351-9955
    State Bar No. 00788643
    lawoffice@johnwenke.com.